———

No. 26-1272

———

**UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT**

SOSCIA HOLDINGS, LLC; STRUCTURES AT JOHNSON'S POND, LLC;
BOATING AT JOHNSON'S POND, LLC; WATERFRONT AT JOHNSON'S
POND, LLC; COMMON AREA AT JOHNSON'S POND, LLC; LAND AT
JOHNSON'S POND, LLC,
*Plaintiffs – Appellees,*

v.

TOWN OF COVENTRY, by and through its Finance Director Robert J. Civetti, in
the Individual and Official Capacity; HILLARY V. LIMA, in the Individual and
Official Capacity as Council President; JAMES E. LEBLANC, in the Individual
and Official Capacity as Council Vice President; JOHNATHAN J. PASCUA, in
the Individual and Official Capacity as Councilmember; ALISA M. CAPALDI, in
the Individual and Official Capacity as Councilmember; KIMBERLY A.
SHOCKLEY, in the Individual and Official Capacity as Councilmember;
JENNIFER M. LUDWIG, in the Individual and Official Capacity as
Councilmember; DANIEL O. PARILLO, JR., in the Individual and Official
Capacity as Town Manager; STEPHEN J. ANGELL, ESQ., in the Individual and
Official Capacity as Town Solicitor,
*Defendants – Appellants*

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
(Case No. 1:25-cv-00274-MRD-AEM)

———

**APPELLEES' MOTION TO DISMISS APPEAL**

Pursuant to Federal Rule of Appellate Procedure 27, Local Rule 27, and

Internal Operating Procedure V, the Plaintiffs-Appellees in the above-captioned

matter, Soscia Holdings, LLC *et al.* ("Appellees") hereby move to dismiss the appeal (the "Appeal") of the Defendants-Appellants in the above-captioned matter, Town of Coventry (the "Town") *et al.* ("Appellants"). This Court lacks jurisdiction over the Appeal under 28 U.S.C. § 1292(a)(1) and should dismiss it summarily. Local Rule 27.0(c).

## **INTRODUCTION**

The Town exercised eminent domain over Johnson's Pond on June 28, 2024 (the "Taking"). The Appellees, who are the former owners of Johnson's Pond, do not seek to enjoin or reverse the Taking, which is *perfectum*. The Appellees only claim they are owed "just compensation" under the United States Constitution.

To date, the Appellees have been paid no compensation for the Taking.

> If a local government takes private property without paying for it, **that government has violated the Fifth Amendment**—just as the Takings Clause says—**without regard to subsequent state court proceedings**. And the property owner may sue the government **at that time in federal court** for the "deprivation" of a right "secured by the Constitution." 42 U.S.C. § 1983.

*Knick v. Township of Scott*, 588 U.S. 180, 189 (2019) (emphasis added).

Therefore, as of the filing of this Motion to Dismiss, the Appellees have suffered an ongoing constitutional violation for 634 days.

Not only have the Appellants refused to redress this constitutional violation by paying the Appellees "just compensation," they have actively interfered with the

Appellees' right to pursue the same in federal court by asking the Rhode Island Superior Court (the "Superior Court") to enter an *ex parte*, default judgment against the Appellees on the issue of "just compensation."

Attuned to the danger, the United States District Court for the District of Rhode Island (DuBose, J.) (the "District Court") honored the demands of *Knick* and federal statutes in its Memorandum and Order of March 12, 2026. The District Court enjoined the proceedings in the Superior Court under the exceptions to the Anti-Injunction Act and pursuant to the All Writs Act.

Now, the Appellants seek interlocutory review from this Court. As to the right that the Appellants claim will be irreparably harmed absent immediate review, the Appellees are confounded. In reality, this Appeal is designed to strip the Appellees of their right to "just compensation." This grave peril is the only irreparable harm at stake, and it has been foisted upon the Appellees—not the Appellants.

## **BACKGROUND**

The District Court heard no evidence on the merits of the Appellees' claims in enjoining the Superior Court proceedings. The writ issued by the District Court is premised solely upon the Appellants' attempts to weaponize the Superior Court against the Appellees, which was evident from the pleadings, briefing, and public court filings. The All Writs Act and binding precedent of the United States Supreme Court called the District Court into action to enjoin the Superior Court's interference

with its jurisdiction. Obj. to Motion to Expedite Appeal, at 12–22 (filed herewith and explaining the propriety of the writ). The salient facts are as follows.

The Appellees owned Johnson's Pond, a 938-acre freshwater reservoir in Coventry, Rhode Island with waterfront homes along miles of shoreline (the "Pond"). Mem. & Order, ECF 60, at 1. On June 21, 2024, the Town filed a "Miscellaneous Petition" in the Kent County Superior Court seeking to deposit $157,000.00 into the Superior Court's registry as "estimated just compensation" following the Town's exercise of eminent domain to acquire the Pond. *Id.* at 3. On June 28, 2024, the Superior Court granted that "Miscellaneous Petition" after an *ex parte* hearing and legal title to the Pond vested in the Town. *Id.* The Appellees did not file any claims in the Superior Court.

Instead, on June 13, 2025, the Appellees filed suit against the Appellants in the District Court for the "just compensation" owed to them for the Taking under the Fifth Amendment of the United States Constitution and 42 U.S.C. § 1983, along with a supplemental claim for an assessment of damages under R.I. Gen. Laws § 24-1-8 and other claims for relief pursuant to 28 U.S.C. § 1367(a). *Id.* at 4; Compl., ECF No. 1, at 39–55.

Rather than responding to the Appellees' Complaint in the District Court, on July 28, 2025, the Town filed a "Motion for Entry of Judgment or, Alternatively, Assignment for Trial" in the Superior Court, which sought "a final judgment

determining that the value of the condemned property was $157,000 and discharging the Town from all liability in connection with the taking." Mot. for Injunctive & Declaratory Relief, ECF No. 45–1, Exhibit 2 (Town's Motion), at 2. "At that point, Soscia Holdings, who was not a party in the condemnation action, filed a limited entry of appearance and objected to the Town's motion, essentially arguing that the Supreme Court's decision in *Knick* (more to come on this soon) allowed the former property owners to pursue their claims in federal district court." Mem. & Order, ECF No. 60, at 3.

The Appellants filed a Motion to Dismiss or Abstain in the District Court on August 11, 2025. Mot. to Dismiss & Abstain, ECF No. 23. The same day, the Appellants also filed a Motion to Seal and for a Protective Order in the District Court directed at Executive Session Minutes that were attached to the Appellees' Complaint and related to the Taking. Mot. to Seal & for Protective Order, ECF No. 28. Following briefing by both parties, the District Court denied the Motion to Seal and for a Protective Order in a Memorandum and Order filed on November 4, 2025. Mem. & Order, ECF No. 40. Thus, not only is the District Court the only court in which Appellees sought redress of their constitutional rights, it is the first (and only) court to exercise jurisdiction over matters antecedent to adjudicating the merits of the Appellees' claims.

On August 29, 2025, the Appellees filed their First Amended Complaint in the District Court as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(b). First Am. Compl., ECF No. 45. The First Amended Complaint removed a claim challenging the validity of the Taking. Mem. & Order, ECF No. 60, at 4.

The Appellants decided not to file their First Amended Answer to the First Amended Complaint, apparently believing they were entitled to a *de facto* abstention—despite no such order by the District Court. *See* Docket. The Appellees objected to the notion of abstention at every possible juncture. *See* Rule 16 Mot. for Scheduling Order & Pre-Trial Conference, ECF No. 48, at 3–9 (detailing travel).

On November 25, 2025, the Superior Court determined that it "had jurisdiction '**to hear the Town's Motion** for Entry of Judgment, or in the Alternative, Assignment for Trial.'" Mem. & Order, ECF No. 60, at 3–4 (emphasis added). Notably, the Superior Court also found that the "federal court's decision on whether to abstain is solely within its purview" and it explained that the "Court does not intend for anything in [its] Decision to comment on the matters before the federal court." *In re Town of Coventry*, KM-2024-0578, 2025 WL 3156973, at *7 n.9 (R.I. Super. Nov. 7, 2025) (Licht, J.).

After (1) the Appellants made clear their intent to press forward in the Superior Court on their Motion seeking to "discharge" themselves from all liability for the Taking by seeking a final judgment against the Plaintiffs, and (2) the Superior

Court showed it was "prepared" to "handle the issue," Mem. & Order, ECF No. 60, at 2, the Appellees filed a Motion for Injunctive and Declaratory Relief in the District Court on December 12, 2025, invoking the All Writs Act. *See* Mot. for Declaratory & Injunctive Relief, ECF No. 45, at 14–16, 50–53 (detailing relief requested).

When the Appellees could not secure a hearing in the District Court on their Motion for Injunctive and Declaratory Relief before a scheduled hearing in the Superior Court on the Town's Motion, counsel for the Appellees withdrew their limited entry of appearance from the Superior Court on December 17, 2025 through a Notice. Reply Mem., ECF No. 47-1, Exhibit 1 (Notice of Withdrawal of Special Entry of Appearance by Counsel). The Notice relied upon *Knick* and 28 U.S.C. § 1367 and informed the Superior Court of the Appellees' unwavering intent to litigate their "just compensation" claims in the District Court. *Id.*

The Superior Court ultimately continued the hearing on the Town's Motion to March 16, 2026 (after suggesting a "joint trial" between the Superior Court and District Court on "just compensation," which the Appellees rejected in the District Court). Rule 16 Mot. for Scheduling Order & Pre-Trial Conference, ECF No. 48, at 5–7.

The District Court heard the Appellees' Motion for Injunctive and Declaratory Relief on February 18, 2026, along with the Appellants' refiled Motion to Dismiss and Abstain the First Amended Complaint. Mem. & Order, ECF No. 60, at 4–5.

In a Memorandum and Order issued on March 12, 2026—four (4) days before the Superior Court was slated to hear the Town's Motion to "discharge" themselves from all liability for the Taking—the District Court issued the following relief:

> Accordingly, the Court declines to adopt Plaintiffs' requested relief and, instead, enjoins the Superior Court from proceeding with the scheduled adjudication of the just compensation issue pending before it in KM-2024-0578.
>
> To recap, the Court concludes that Plaintiffs' claims are properly before this Court and that none of the abstention doctrines argued by Defendants require this Court to abstain. Therefore, Defendants' Motion to Dismiss or Abstain is DENIED. Further, pursuant to this Court's authority under the All Writs Act and consistent with exceptions to the Anti-Injunction Act, the Superior Court proceedings are hereby ENJOINED and Plaintiffs' request for injunctive relief is GRANTED.

Mem. & Order, ECF No. 60, at 33–34.

The instant Appeal followed, which errantly invokes this Court's appellate jurisdiction pursuant to 28 U.S.C. § 1292(a)(1).

## ARGUMENT

The Appellants assume that their Appeal of the Memorandum and Order is by right under 28 U.S.C. § 1292(a)(1). The Appellants are mistaken.

Despite the injunctive façade of the Memorandum and Order, the Memorandum and Order is not immediately appealable under 28 U.S.C. § 1292(a)(1) because the Order: (1) is not directed to the Appellants, it is directed to

the Superior Court; (2) does not grant or deny the ultimate relief in the First Amended Complaint, which is an award of "just compensation" and damages under 42 U.S.C. § 1983, and propelled by *Knick* and federalist principles, the Order is solely designed to preserve the District Court's jurisdiction over the Appellees' right to "just compensation"; (3) does not cause the Appellants any harm that would be irreparable upon the appeal of a final judgment; and (4) the Appellants lack standing to rely upon the Appellees' right to receive "just compensation" for the Taking.

Each of these arguments share a common denominator: the right to "just compensation" under the United States Constitution **belongs to Appellees alone**.

**A.     The Memorandum and Order is not an "interlocutory order" or "injunction" for purposes of 28 U.S.C. § 1292(a)(1).**

"As a general rule, 'it has been a marked characteristic of the federal judicial system not to permit an appeal until a litigation has been concluded in the court of first instance.'" *Sierra Club v. Marsh*, 907 F.2d 210, 212 (1st Cir. 1990) (quoting *Director, O.W.C.P. v. Bath Iron Works Corp.*, 853 F.2d 11, 13 (1st Cir. 1988)). This is because "[m]ultiple appeals in a single litigation are necessarily disruptive and, if freely allowed, subject to abuse." *Morales Feliciano v. Rullan*, 303 F.3d 1, 6 (1st Cir. 2002) (citing *id.* at 214).[1]

---

[1] Given the Appellants' behavior thus far, as borne out by the record, the Appellees are left to conclude that the Appellants actually intend the disruption. *See* Mem. & Order, ECF No. 60, at 8 ("**The Defendants created a jurisdictional conundrum** when they commenced a claim for assessment of damages under R.I. Gen Laws

As an exception to this rule of finality, 28 U.S.C. § 1292(a)(1) "authorizes immediate review of district court orders 'granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions.'" *Id.* (quoting § 1292(a)(1)). This Court has cautioned that § 1292(a)(1) "must be strictly construed" to "prevent[ ] the statute from being used as a means of evading the final judgment rule." *Id.* (citing *Sierra Club*, 907 F.2d at 214).

Critically, "not every order in the form of an injunction is an injunction for purposes of interlocutory appeal under 28 U.S.C. § 1292(a)(1)." *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 880 (1st Cir. 1983) (enjoining further proceedings in Superior Court of Puerto Rico).

Rather, the First Circuit takes a "functional approach, looking not to the form of the district court's order but to its actual effect." *Sierra Club*, 907 F.2d at 213; *see also Morales Feliciano*, 303 F.3d at 6 (explaining that "a reviewing court must look to the practical effect of the order rather than its verbiage").

So does the United States Supreme Court. *Abbott v. Perez*, 585 U.S. 579, 594–98 (2018) (reaffirming that "**the label attached to an order is not dispositive**" and "**the 'practical effect' analysis applies to the 'granting or denying' of injunctions**[,]" because if the "magic-words test" controlled and "the availability of

_____

§ 24-1-8 in the Superior Court after Plaintiffs filed their federal Complaint.") (emphasis added).

interlocutory review depended on the district court's use of the term 'injunction' or some other particular language, Congress's scheme could be frustrated") (citing *Carson v. American Brands*, 450 U.S. 79, 83 (1981) and *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287–288 (1988)) (emphasis added).[2]

Consistent with *Abbott* and its progeny, under this Court's strict, jurisdictional mandates, "for an injunction to be immediately appealable **it must have a 'serious, perhaps irreparable consequence**.'" *Navarro-Ayala v. Hernandez-Colon*, 956 F.2d 348, 350 (1st Cir. 1992) (quoting *Carson*, 450 U.S. at 84) (emphasis added). "Generally, an order is appealable as an injunction only when it is **directed to a party**, is enforceable by contempt, **and grants (or denies) part or all of the ultimate relief sought by the suit**." *Chronicle Pub. Co. v. Hantzis*, 902 F.2d 1028, 1030 (1st Cir. 1990) (emphasis added).

---

[2] In *Abbott*, the United States Supreme Court rejected form-based reliance upon labels of an order (*i.e.*, a "magic-words test") in determining whether an order is an "injunction" for purposes of "interlocutory" review. *Abbott*, 585 U.S. at 594–98. Anticipating the Appellants' reliance upon a "magic-words test," this Court should note that *Abbott* calls certain precedent of this Circuit into question. *See, e.g.*, *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 672–73 (1st Cir. 1994) (reading *Carson* as creating a "magic-words test" for an order that "expressly grants or denies a request for injunctive relief" without consideration of the "practical effects" on the appellant). However, *Abbott* is consistent with this Circuit's line of precedent exemplified through *Polyplastics*, *Chronicle Pub.*, *Sierra Club*, *Navarro-Ayala*, and *Morales Feliciano*—which puts substance over form and considers the "practical effects" of the order claimed to be an "injunction," thereby requiring the order to carry "serious, perhaps irreparable consequences" for the Appellants to trigger "interlocutory" review under 28 U.S.C. § 1292(a)(1).

Notably, "[o]rders that in **no way touch on the merits of the claim** but **only relate to pretrial procedures** are **not** . . . '**interlocutory**' within the meaning of § 1292(a)(1)." *Id.* (quoting *Switzerland Cheese Ass'n v. E. Horne's Market, Inc.*, 385 U.S. 23, 24 (1966)) (emphasis added). "Doubts as to the applicability of section 1292(a)(1) are to be resolved against immediate appealability." *Morales Feliciano*, 303 F.3d at 7.

**1. The Memorandum and Order is not "directed to a party."**

**The District Court "enjoined" "the Superior Court proceedings"** in its Memorandum and Order under the All Writs Act and the exceptions to the Anti-Injunction Act. Mem. & Order, ECF No. 60, at 33–34. **The District Court did not direct its Order to the Appellants, so it is not an "injunction" against them**. *Id.* This alone renders the Appeal wanting of jurisdiction. *Chronicle Pub. Co.*, 902 F.2d at 1030 ("The fact that the order is directed to counsel, rather than to a party, by itself would seem to preclude interlocutory review.").

On this first element, the Memorandum and Order directed to the Superior Court is analogous to the order in *Ramirez v. Rivera-Dueno*, 861 F.2d 328 (1st Cir. 1988). There, this Court found it lacked appellate jurisdiction over the appeal of an order that directed a special master to continue meeting with the parties to attempt to reach a settlement. *Ramirez*, 861 F.2d at 333–334. The *Ramirez* court found it significant that "the district court's order [did] not directly order defendants to do

anything[,]" and "[i]nstead, the order is directed at the *special master*[.]" *Id.* at 334.

The same can be said for the Memorandum and Order at issue here, which "does not directly order [Appellants] to do anything" and "[i]nstead, the order is directed at the [Superior Court]." *Id.*

Allowing the Appellants to appeal such the Memorandum and Order would place the Appellants in the shoes of the Superior Court for purposes of this first element, which is illogical. *Sierra Club*, 907 F.2d at 214 ("we are unwilling to adopt a more expansive reading of section 1292(a)(1) than is logically required").

### 2. The Memorandum and Order does not grant or deny "part or all of the ultimate relief sought by the suit."

The First Amended Complaint sounds in claims for "just compensation" under the Fifth Amendment and 42 U.S.C. § 1983, damages for violations of the Due Process Clause, and other supplemental state law claims pursuant to 28 U.S.C. § 1367(a). First Am. Compl., ECF No. 34, at 39–55. As explained by the District Court, at issue in this suit is "how much Plaintiff is entitled to for 'just compensation' for the already completed taking.'" Mem. & Order, ECF No. 60, at 30.

The Memorandum and Order is not an order that "grants (or denies) part or all of the ultimate relief sought by the suit." *Chronicle Pub. Co.*, 902 F.2d at 1030. The District Court did not determine the amount of "just compensation" or award any damages. Mem. & Order, ECF No. 60, at 33–34.

Instead, its Memorandum and Order merely held that under *Knick*, the Appellees are entitled to have those issues determined in the District Court, and allowing the Superior Court proceedings risked **irreparable harm to the Appellees' right** to "just compensation" under the Fifth Amendment and § 1983. Mem. & Order, ECF No. 60, at 14.

The Memorandum and Order "in no way touch[es] on the merits of the claim but only relate[s] to pretrial procedures" and the forum where "just compensation" will ultimately be adjudicated. *Chronicle Pub. Co.*, 902 F.2d at 1030 (quoting *Switzerland Cheese Ass'n*, 385 U.S. at 24).

The United States Supreme Court's directive in *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 481 (1978) is instructive on this element:

> While it may have a significant effect on the litigation, "[m]any interlocutory orders are equally important, . . . but they are not for that reason converted into injunctions." *Morgantown v. Royal Insurance Co.*, 337 U.S. 254, 258, 69 S.Ct. 1067, 1069, 93 L.Ed. 1347.
>
> As we stated in *Switzerland Cheese Assn., Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 24, 87 S.Ct. 193, 195, 17 L.Ed.2d 23, "we approach this statute [§ 1292(a)(1)] somewhat gingerly lest a floodgate be opened that brings into the exception many pretrial orders." **The exception does not embrace orders that have no direct or irreparable impact on the merits of the controversy**.

*Gardner*, 437 U.S. at 481 (emphasis added).

Here, **the Memorandum and Order does not have any "direct or irreparable impact on the merits of the controversy"**—*i.e.*, the amount of "just compensation" owed to the Appellees by the Appellants. *Id.* Therefore, it is **not immediately appealable** under § 1292(a)(1).

To illustrate further, in *Polyplastics*, this Court found it lacked jurisdiction to hear an "interlocutory" appeal of an order that was facially an "injunction" against proceedings in the Superior Court of Puerto Rico. *Polyplastics, Inc.*, 713 F.2d at 880. Following removal of an action from the Humacao Superior Court to the United States District Court for the District of Puerto Rico, "Polyplastics then sought a default judgment against Rios in Puerto Rico court, and judgment was entered by the clerk of the Humacao superior court on August 3." *Id.* at 877. "On August 11, Transconex moved the district court for an order in protection of jurisdiction against further local proceedings." *Id.* The District Court of Puerto Rico granted the relief and enjoined the Superior Court of Puerto Rico from proceeding. *Id.*

The *Polyplastics* court explained, "[i]n form, the district court's order against further proceedings in Humacao Superior court may be an injunction, **but not every order in the form of an injunction is an injunction for purposes of interlocutory appeal under 28 U.S.C. § 1292(a)(1)**." *Id.* at 880 (emphasis added). "[A]n order is as a general rule appealable as an injunction only where it grants part or all of the ultimate relief sought by the suit." *Id.* "Applying this principle to the instant order,

15

it is evident that the order was not an injunction for purposes of 28 U.S.C. § 1292(a)(1)." *Id.*

*Polyplastics* is analytically on all fours with the present case. Although a federal removal statute should have precluded further proceedings in the Puerto Rican Superior Court (but did not), **Knick, 42 U.S.C. § 1983, and 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a)'s hold over Appellees' "just compensation" claims in the District Court should have precluded further proceedings in the Superior Court (but did not)**. The Memorandum and Order "was essentially declaratory of [*Knick*], merely repeating what [*Knick* and federal statutes] itself had already automatically effected." *Id.* This Court lacks appellate jurisdiction over such an order, which is not an "interlocutory order" or "injunction" for purposes of 28 U.S.C. § 1292(a)(1).

### 3. The Memorandum and Order does not render any rights belonging to the Appellants "irreparable" upon the appeal of a final judgment.

Cut from the same cloth, the Appellants cannot claim that the Memorandum and Order affects any rights they hold, or that any such rights, if existing, could not be vindicated upon appeal of a final judgment. *Morales Feliciano*, 303 F.3d at 6–7 (explaining that "a party seeking the benefit of section 1292(a)(1) must establish that **the contested order imposes 'serious, perhaps irreparable, consequence" and that it may be challenged effectively only by immediate appeal**") (emphasis added).

The Appellants have already exercised their right to conduct eminent domain and have taken the Appellees' property, which is not at issue. Mem. & Order, ECF No. 60, at 26 ("Yet, Plaintiffs are not challenging the taking and are seeking an assessment of damages for the taking and monetary relief for their other claims."). The only right remaining at issue in this case is the Appellees' right to "just compensation." *Id.* at 29 ("In fact, Plaintiffs admit 'that the Taking of the Plaintiffs' Property has been *completed*, and therefore, the Plaintiffs are entitled to Just Compensation.'").

The Appellants' complaint of irreparable harm due to a Memorandum and Order that protects the District Court's jurisdiction over rights belonging to the Appellees' alone—not the Appellants—rings hollow.

As the District Court explained, "[w]hether pursued in state court or this Court, the Town is exposed to no new liability because it is constitutionally obligated to provide just compensation for the taking under both state and federal law." *Id.* at 11. The Appellants must pay the Appellees "just compensation" for the Taking, irrespective of the adjudicatory forum.

To illustrate the flawed logic underlying the Appellants' Appeal, consider an order enforcing a forum-selection clause in a contract that does not adjudicate liability for damages under the contract itself. Unsurprisingly, our Supreme Court has rejected the notion that orders relating to the enforcement of forum-selection

17

clauses are immediately appealable. *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 500–01 (1989). Similarly, the Supreme Court does not allow immediate appeals from *forum non conveniens* orders. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988).

The logic utilized in *Lauro Lines* and *Biard* is readily applicable here. *Lauro Lines*, 490 U.S. at 501 ("petitioner is obviously not entitled under the forum-selection clause of its contract to avoid suit altogether, and an entitlement to avoid suit is different in kind from an entitlement to be sued only in a particular forum"). Analogous to *Lauro Lines*, Appellants are "obviously not entitled" to avoid paying the Appellees "just compensation" altogether (despite their efforts); they only claim that a property owner's claim for "just compensation" must be brought exclusively in the Superior Court following a Taking.

The denial of the Appellants' claimed (but non-existent) entitlement, *see Knick*, 588 U.S. at 189–91, "while not perfectly secured by appeal after final judgment, is adequately vindicable at that stage" and does not form a basis for an immediate appeal to this Court. *Lauro Lines*, 490 U.S. at 501. *See also, e.g.*, *Hershey Foods Corp. v. Hershey Creamery*, 945 F.2d 1272, 1279 (3rd Cir. 1991) ("The district court's order enjoining Hershey Creamery from prosecuting its 'motion for order construing and enforcing consent judgment' in the Southern District of New York pending final adjudication of this action is better viewed as a garden variety pretrial order relating primarily to venue. Orders that focus on such procedural issues

and do not grant or deny part of the substantive relief sought by the claimant are not immediately appealable under section 1292(a)(1).").

If the Appellants were correct (they are not), and *Knick* does not actually provide the Appellees who suffered the Taking with a right to file their claims for "just compensation" under 42 U.S.C. § 1983 in the District Court (with supplemental claims under Rhode Island law through 28 U.S.C. § 1367(a) (it clearly does)), then the Appellants remain free to make this argument upon their eventual appeal of a final judgment in this action. Assuming, *arguendo*, the Appellants are successful on that appeal of a final judgment and it is vacated, the Appellants can return to the Superior Court and pursue their Motion seeking to "discharge" themselves from all liability for the Taking. The Memorandum and Order has not rendered any of these purported "entitlements" of Appellants "irreparable" absent immediate review. *Morales Feliciano*, 303 F.3d at 6–7.

To the extent that Appellants complain of the burdens associated with litigating this case in the District Court to a final judgment, § 1292(a)(1) does not permit the Appellants to take an interlocutory appeal to this Court to avoid that inconvenience or expense. *Chronicle Pub. Co.*, 902 F.2d at 1031 (internal citations omitted) ("As we have stated with regard to the related 'urgency' criterion of the collateral order exception, '[o]ur decisions have consistently declined to allow the prospect of possibly substantial litigation burdens . . . or even of relitigation itself . .

. to circumvent the policy against piecemeal review. . . . We think the same considerations apply in the context of § 1292(a)(1).'"). Additionally, the Appellants do not even contend that litigating "just compensation" in the District Court would require any duplicate proceedings in the Superior Court.

Without any irreparable harm threatened to the Appellants due to the Memorandum and Order, there can be no appellate jurisdiction under § 1292(a)(1).

**4. The Appellants lack standing to challenge the Memorandum and Order, which affects rights belonging solely to the Appellees.**

Finally, "[t]o have standing to appeal, an appellant ordinarily must have been a party to the proceeding below **and have been aggrieved by the order appealed from**." *U.S. v. Little Joe Trawlers, Inc.*, 780 F.2d 158, 161 (1st Cir. 1988) (citing *SEC v. An-Car Oil Co.*, 604 F.2d 114, 119 (1st Cir. 1979)) (emphasis added). "Moreover, **to have standing a party must have an immediate and pecuniary interest**" affected by the order appealed from. *Id.* (citing *Libby, McNeill, and Libby v. City National Bank*, 592 F.2d 504, 511 (9th Cir. 1978)) (emphasis added).

Critical here, "**[i]t is well settled under the standing doctrine that a party ordinarily may not assert the legal rights of others**." *Id.* (quoting *Diamantis v. Milton Bradley Co.*, 772 F.2d 3, 4 (1st Cir. 1985)) (emphasis added). "The most obvious justification for this rule is found in cases in which an appellant seeks to assert the rights of its adversary." 15A Fed. Prac. & Proc. Juris. § 3902 (3d ed.)

(citing *St. Paul Fire and Marine Insurance Company v. Universal Builders Supply*, 409 F.3d 73, 82–83 (2d Cir. 2005)).

"Since standing is jurisdictional in nature, that principle dictates that where, as here, the putative appellants lack standing, the court lacks power to assay and reconcile the equities of the case." *Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.2d 35, 39 (1st Cir. 2000).

The right to "just compensation" under the Fifth Amendment through 42 U.S.C. § 1983 following a taking of private property belongs to the property owner alone—not the local government that took the property. *Knick*, 588 U.S. at 206 ("The state-litigation requirement of *Williamson County* is overruled. **A property owner may bring a takings claim under § 1983 upon the taking of his property without just compensation by a local government**.") (emphasis added).

Again, the Memorandum and Order preserving the District Court's jurisdiction over the Appellees' claim for "just compensation" under *Knick* and R.I. Gen. Laws § 24-1-8 affects no right of the Appellants, who already exercised their right to take the Appellees' property through eminent domain. Mem. & Order, ECF No. 60, at 4 ("The FAC no longer contests the condemnation itself and instead seeks just compensation and other damages based on the Defendants' decision to take the Johnson's Pond property by eminent domain and the execution thereof.").

Therefore, the Appellants cannot claim the Memorandum and Order has affected any "immediate and pecuniary interest" possessed by the Appellants, or that the Memorandum and Order "aggrieved" the Appellants for purposes of Article III standing. *Little Joe Trawlers, Inc.*, 780 F.2d at 161. Clearly, the Appellants lack standing to assert the right of "just compensation," which belongs solely to the Appellees. *Id.*

To reiterate, to the extent that the Appellants disagree with the adjudicatory forum for Appellees' right to "just compensation," this determination by the District Court can be challenged upon appeal of a final judgment on the award of "just compensation." *Navarro-Ayala*, 956 F.2d at 350 (explaining that appellants' "right to challenge the court's finding of constitutional violations could be effectively vindicated at such time as a remedy were ordered"). Only at that time will the Appellants possess the requisite standing to confer this Court with jurisdiction over their challenge of the issue. *Microsystems Software*, 226 F.2d at 39.

## CONCLUSION

Because the Memorandum and Order is not an "interlocutory order" or an "injunction" for purposes of 28 U.S.C. § 1292(a)(1), the Court must dismiss the Appeal for lack of appellate jurisdiction.

*[SIGNATURE BLOCK AND CERTIFICATES TO FOLLOW]*

*Respectfully submitted*,

**SOSCIA HOLDINGS, LLC;
STRUCTURES AT JOHNSON'S POND, LLC;
BOATING AT JOHNSON'S POND, LLC;
WATERFRONT AT JOHNSON'S POND, LLC;
COMMON AREA AT JOHNSON'S POND,
LLC; and LAND AT JOHNSON'S POND, LLC**

*By their attorneys,*

/s/ *Michael A. Kelly*_____
Michael A. Kelly, Esq. (#24155)
Scott D. Levesque, Esq. (#83557)
Gregory S. Estabrooks, Esq. (R.I. Bar #10713, *admission to First Circuit pending*)
**KSPR LAW, P.C.**
128 Dorrance Street, Suite 300
Providence, RI 02903
Tel. (401) 490-7334
mkelly@ksprlaw.com

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) of 5,200 words, because, excluding the parts of the document exempted by the Fed. R. App. P. 32(f), this document contains 5,191 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

*/s/ Michael A. Kelly, Esq.*
Michael A. Kelly, Esq. (#24155)
**KSPR Law, P.C.**

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that pursuant to Fed. R. App. P. 25, on March 24, 2026, a copy of the foregoing *Motion to Dismiss Appeal* was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. The document is available for viewing and downloading from the ECF system.

John Tarantino, Esq., Nicole Benjamin, Esq. and Lucas Spremulli, Esq.
Adler Pollock & Sheehan, P.C.
100 Westminster Street, 16th Floor
Providence, RI 02903
jtarantino@apslaw.com
nbenjamin@apslaw.com
lspremulli@apslaw.com

J. Richard Ratcliffe, Esq.
Ratcliffe Harten Galamaga, LLP
40 Westminster Street, 7th Floor
Providence, RI 02903
rratcliffe@rhgllp.com

Michael T. Eskey, Esq. & Jennifer Sylvia, Esq.
Moses Ryan, Ltd.
40 Westminster Street, 9th Floor
Providence, RI 02903
teskey@marlawri.com
jsylvia@marlawri.com

Marc DeSisto, Esq. & Kathleen Daniels, Esq.
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
marc@desistolaw.com
kathleen@desistolaw.com

*/s/ Michael A. Kelly, Esq.*
Michael A. Kelly, Esq. (#24155)
**KSPR Law, P.C.**

25