———

No. 26-1272

———

## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

SOSCIA HOLDINGS, LLC; STRUCTURES AT JOHNSON'S POND, LLC;
BOATING AT JOHNSON'S POND, LLC; WATERFRONT AT JOHNSON'S
POND, LLC; COMMON AREA AT JOHNSON'S POND, LLC; LAND AT
JOHNSON'S POND, LLC,
*Plaintiffs – Appellees,*

v.

TOWN OF COVENTRY, by and through its Finance Director Robert J. Civetti, in
the Individual and Official Capacity; HILLARY V. LIMA, in the Individual and
Official Capacity as Council President; JAMES E. LEBLANC, in the Individual
and Official Capacity as Council Vice President; JOHNATHAN J. PASCUA, in
the Individual and Official Capacity as Councilmember; ALISA M. CAPALDI, in
the Individual and Official Capacity as Councilmember; KIMBERLY A.
SHOCKLEY, in the Individual and Official Capacity as Councilmember;
JENNIFER M. LUDWIG, in the Individual and Official Capacity as
Councilmember; DANIEL O. PARILLO, JR., in the Individual and Official
Capacity as Town Manager; STEPHEN J. ANGELL, ESQ., in the Individual and
Official Capacity as Town Solicitor,
*Defendants – Appellants*

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
(Case No. 1:25-cv-00274-MRD-AEM)

———

## APPELLANTS' REPLY IN SUPPORT OF
## <u>MOTION TO EXPEDITE APPEAL</u>

The federal district court enjoined an ongoing state court condemnation proceeding commenced by the Town of Coventry. Appellees' assertion that such an extraordinary intrusion on a pending state proceeding does not warrant expedited appellate review is plainly wrong. By statute, this Court is required to expedite its consideration of this appeal, and, under its own rules, it possesses independent authority to do so.

Appellees' Objection is laden with arguments that contradict the positions they took in the district court and that rest on misreadings of the governing statutes and rules. Appellants the *Town of Coventry, et al.*, submit this reply to address the following:

(1)    Appellees' assertion that Appellants have no right to an expedited appeal under 28 U.S.C. § 1657(a) because the district court did not issue a preliminary injunction. Appellees' Obj. Mot. to Expedite Appeal ("Obj.") at 2-3. In the district court, Appellees repeatedly urged precisely that relief and, the district court, in explicit and unmistakable language, granted it: "[T]he Court GRANTS Plaintiffs' *Motion for Preliminary Injunction*."[1]

(2)    Appellees' assertion that the district court's injunction is not directed to the Appellants (but rather the state court judge presiding over the ongoing

---

[1]    Mem. & Order at 2, ECF No. 60 (emphasis added); *see also* Feb. 18, 2026 Hearing Tr. at 6:45, 17:21-25, 18:9-10, ECF No. 62.

condemnation action) and does not concern any rights held by Appellants. Obj. at 3-4. Appellees implored the district court to "enjoin the Defendants." Pls.' Mot. for Injunctive and Declaratory Relief at 13, 19, 47, 50, ECF No. 45; *see also id*. at 51-53. They also expressly disclaimed any intent to enjoin the Superior Court, writing:

> [T]o be clear, out of respect for the Superior Court, the Plaintiffs are ***not*** ***seeking to directly enjoin Associate Justice Licht, as enjoining the parties currently before the Court from further prosecuting their actions in that forum, in a manner contrary to this Court's jurisdiction and Plaintiffs' constitutional rights, will suffice.***

*Id*. at 50 (emphasis added). In response to the district court's questions at argument, Appellees reaffirmed that they were "asking these parties to be enjoined from any further activity in state court." Feb. 18, 2026 Hearing Tr. at 7:10-12, ECF No. 62.

(3)     Appellees' contention that Rule 2 of the Federal Rules of Appellate Procedure requires Appellants to demonstrate both "good cause" and the involvement of a right secured by the United States Constitution or a federal statute. Rule 2 imposes no such requirement and instead vests this Court broad discretion "to expedite its decision."

(4)     Appellees' argument that this case does not involve a right secured by the United States Constitution or a federal statute. The district court's order enjoining the state court violates the Anti-Injunction Act's prohibition on federal injunctions against pending state court proceedings and it disregards the

3

constitutional design of parallel state and federal courts and the federalist allocation of judicial authority between them.[2]

For the reasons set forth in Appellants' Motion and in this reply, this Court unquestionably has authority to expedite review of an order that halts an ongoing state court proceeding and prevents the parties in that proceeding from exercising their rights under the state condemnation statute. Such an order is necessary to promptly restore the state court's constitutional and statutory authority over that proceeding, as well as the Town's corresponding statutory right to participate in that proceeding and to bring its condemnation to closure.

## **ARGUMENT**

### I. **This appeal from the grant of a preliminary injunction must be expedited under 28 U.S.C. § 1657(a).**

Appellees' contention that Section 1657 does not mandate expedited consideration of this appeal rests on a fundamental misreading of the statute, a misinterpretation of the district court's Memorandum and Order, and a disregard of the very arguments they advanced below.

---

[2] Appellees' contradictions have pervaded this case. On the merits, they argue that their assertion of § 1983 claims entitled them to an injunction because the "expressly authorized" exception to the Anti-Injunction Act permits a district court to issue an injunction where Congress has expressly so authorized. Obj. at 13-18. Yet, in the district court, Appellees deliberately withdrew their § 1983 claims for injunctive relief to avoid an adverse abstention ruling. Appellants' Mot. Expedite Appeal at 13-14. By the time the district court granted injunctive relief, Appellees' operative complaint no longer even sought such relief. *Id*.

4

In enacting 28 U.S.C. § 1657, Congress directed that actions seeking preliminary injunctive relief be given expedited consideration, and that directive applies to all United States Courts, not merely to proceedings in the district courts.[3] Under § 1657(a), actions for "preliminary injunctive" relief are entitled to expedited treatment as a matter of course.[4]

Attempting to avoid that outcome, Appellees advance two untenable positions. First, that the district court did not grant a preliminary injunction, despite the explicit and unmistakable language of the district court's Memorandum and Order, which states: "the Court GRANTS Plaintiffs' *Motion for Preliminary Injunction*." Mem. & Order, ECF No. 60, at 2 (emphasis added). In arguing otherwise, Appellees repudiate the very position they pressed on the district court, where they expressly requested issuance of a preliminary injunction. Feb. 18, 2026 Hearing Tr., at 6:1-5 (counsel for Appellees arguing that "*a preliminary injunction* is in order" (emphasis added)); *see also id.* at 17:21-25 (counsel for Appellees urging the district court to issue a temporary restraining order enjoining the state court until

---

[3]     *See* H.R. Rep. No. 98-985, at 14 (1984), as reprinted in 1984 U.S.C.C.A.N. 5779, 5792 (making findings "with respect to the establishment of priorities for the handling of civil cases in federal district courts *and in the courts of appeal*" (emphasis added)); *see also Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1084 n.8 (D.C. Cir. 2001) (recognizing that under 28 U.S.C. § 1657(a) "the granting or denying of a preliminary injunction is the basis for an expedited appeal").

[4]     *See* H.R. Rep. No. 98-985, at 14 (explaining that it "automatically requires expedition of any action for temporary or preliminary injunctive relief").

the issuance of its written decision and then addressing the "preliminary injunction"); *id.* at 18:9-10 (counsel for Appellees arguing that the district court should find it appropriate to enter a "preliminary injunction"). And second, that the district court's injunction is not directed to the Appellants and does not concern any rights held by Appellants, even though Appellees implored the district court to "enjoin the Defendants" and expressly disclaimed any intent to enjoin the Superior Court. Pls.' Mot. for Injunctive and Declaratory Relief at 13, 19, 47, 50; *see also id.* at 50-53; Feb. 18, 2026 Hearing Tr. at 7:10-12.

The district court's order, while in form purports to be directed at the Superior Court, functionally operates as preliminary injunctive relief against the Appellants by preventing them from proceeding with their state court action. *See Sierra Club v. Marsh*, 907 F.2d 210, 213 (1st Cir. 1990) (endorsing a functional approach that looks not to the form of the order but to its actual effect). Thus, the substance of the relief should determine whether expedited consideration is warranted.

Here, the order enjoins the state court action where Appellants have a pending motion for entry of judgment or, alternatively, assignment for trial and preserves the status quo in the state court pending final resolution by the district court—the hallmark of preliminary injunctive relief—and directly impacts the Town's rights and interests in the state court proceedings it initiated. *See CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.*, 48 F.3d 618, 620 (1st Cir. 1995) ("The purpose of a

6

preliminary injunction is to preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication of the case's merits, more effectively to remedy discerned wrongs.").

Accordingly, the district court's Memorandum and Order granting a preliminary injunction squarely triggers § 1657(a) and expedited consideration of this appeal is required.

## II. This appeal from the grant of a preliminary injunction may also be expedited under Fed. R. App. P. 2.

Appellees' contention that Rule 2 of the Federal Rules of Appellate Procedure does not permit expedited consideration of this appeal absent both a showing of good cause and the involvement of a right secured by the United States Constitution or a federal statute rests on a fundamental misreading of the rule. *See* Obj. at 4-5.

Rule 2 independently authorizes this Court to "expedite its decision . . . in a particular case and order proceedings as it directs."[5] Accordingly, courts of appeals have relied on Rule 2 when, *inter alia*, ordering expedited briefing. 16A Charles Alan Wright et al., Federal Practice and Procedure § 3948 (5th ed.) (citing *S. Bay United Pentecostal Church v. Newsom*, 982 F.3d 1239 (9th Cir. 2020)). Rule 2 requires a showing of good cause only when suspension is sought for *other* purposes.

---

[5] Fed. R. App. P. 2 ("On its own or a party's motion, a court of appeals may— to *expedite its decision* or for other good cause—*suspend any provision of these rules in a particular case and order proceedings as it directs*, except as otherwise provided in Rule 26(b)." (emphasis added)).

Appellees improperly attempt to graft onto Rule 2 the distinct standard set forth in Section 1657(a), which provides both automatic expedited treatment of actions for preliminary injunctive relief and permissive expedited consideration of "any other action if good cause therefor is shown." Under that statute, good cause is shown if a right under the United States Constitution or a federal statute is at issue. 28 U.S.C. § 1657(a). There is no textual, structural, or other basis for grafting Section 1657(a)'s definition onto Rule 2. Rule 2 stands on its own as an independent grant of authority to expedited proceedings.

Thus, even if the district court's order was not treated as granting a preliminary injunction for purposes of § 1657(a)'s automatic expedition, Rule 2 independently empowers this Court to expedite this appeal.

**III.     There is good cause to expedite this appeal.**

While, as noted above, no showing of good cause is necessary, there is good cause to expedite this appeal of the district court's order, which improperly halts the ongoing state court condemnation proceeding in violation of the Anti-Injunction Act and in disregard for the constitutional design of parallel state and federal courts and the federalist allocation of judicial authority between them.

Appellees invite this Court to engage in a factor-by-factor analysis of whether "good cause" under 28 U.S.C. § 1657(a) is satisfied. But where a right under the

United States Constitution or a federal statute is implicated, the statute itself establishes *per se* "good cause" for expedition. 28 U.S.C. § 1657(a).

Here, the Town's right to conclude eminent domain proceedings under state law is being obstructed by federal court intervention, raising serious federalism concerns under the Anti-Injunction Act and the United States Constitution. The district court's order effectively suspends state statutory procedures designed to resolve just compensation issues efficiently, which only prompt appellate review can mitigate.

Even if a factor-by-factor analysis were warranted, the factors Appellees identify weigh strongly in favor of Appellants. Delaying review of the district court's anti-suit injunction diminishes the value of appellate relief with each day the Town is denied its statutory right to finality in the ongoing state court condemnation proceeding. Indefinitely blocking the Town from completing the statutory condemnation process and from obtaining an order distributing the funds it deposited into the state court registry nearly two years ago leaves the Town without the ability to obtain a final judgment in its condemnation and imposes extraordinary hardship, especially with respect to municipal budgeting and planning. And the public has a strong public interest in ensuring that proper federal-state jurisdictional boundaries

9

are observed under the Anti-Injunction Act and that state courts can carry out their

statutory eminent domain functions free from unwarranted federal interference.[6]

## CONCLUSION

For the foregoing reasons and those set forth in their Motion, Appellants

respectfully request that the Court expedite this appeal and set the briefing schedule

requested in their Motion.

> Defendants – Appellants
> Town of Coventry and Jonathan J. Pascua in
> his individual capacity,
>
> By their attorneys,
>
> */s/ John A. Tarantino*
> */s/ Nicole J. Benjamin*
> John A. Tarantino, Esq. (#35607)
> Nicole J. Benjamin, Esq. (#1143353)
> ADLER POLLOCK & SHEEHAN, P.C.
> 100 Westminster Street, 16th Floor
> Providence, RI 02903
> (401) 427-6262
> jtarantino@apslaw.com
> nbenjamin@apslaw.com

---

[6] Although Appellees' merits arguments do not warrant reply at this stage and will be addressed comprehensively at the briefing stage, it bears emphasis that those arguments also misstate the law.  For example, Appellees invoke *Adair v. England*, 193 F. Supp. 2d 196 (D.D.C. 2002), but erroneously ascribe to it the weight of a D.C. Circuit decision.  Obj. at 14.  They likewise cite this Court's decision in *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 14-15 (1st Cir. 2004), as purported support for the proposition that the district court was authorized to enjoin the Superior Court to preserve its jurisdiction.  Obj. at 15.  But in that case, this Court held that "[t]he general rule of non-intervention dictates that the District Court should not have intervened." *Rossello-Gonzalez*, 398 F.3d at 15.

Defendants – Appellants,
Town of Coventry and, in their official capacities, the following elected or appointed officials: Robert J. Civetti as Finance Director; Hillary V. Lima as Council President; James E. Leblanc as Council Vice President; Jonathan J. Pascua as Councilmember; Alisa Capaldi as Councilmember; Kimberly A. Shockley as Councilmember; Jennifer M. Ludwig as Councilmember; Daniel O. Parrillo as Town Manager; and Stephen J. Angell as Town Solicitor

By their Attorneys,

*/s/ Marc DeSisto*
*/s/ Kathleen M. Daniels*
Marc DeSisto (#33548)
Kathleen M. Daniels (#35777)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
marc@desistolaw.com

Defendants – Appellants,
Town of Coventry and, in their official capacities, the following elected or appointed officials: Robert J. Civetti as Finance Director; Hillary V. Lima as Council President; James E. Leblanc as Council Vice President; Jonathan J. Pascua as Councilmember; Alisa Capaldi as Councilmember; Kimberly A. Shockley as Councilmember; Jennifer M. Ludwig as Councilmember; Daniel O. Parrillo as Town Manager; and Stephen J. Angell as Town Solicitor; and in their individual capacities: Hillary V. Lima; James E. Leblanc; Alisa

11

Capaldi; Kimberly A. Shockley; Jennifer M. Ludwig; and Daniel O. Parrillo

By their Attorneys,

*/s/ Michael T. Eskey*
Michael T. Eskey, Esq. (#5081)
Moses Ryan Ltd.
40 Westminster Street, 9th Floor
Providence, RI 02903
(401) 453-3600
teskey@marlawri.com

Defendant – Appellant,
Stephen J. Angell, in his individual capacity,

By his Attorneys,

*/s/ James Richard Ratcliffe*
James Richard Ratcliffe, Esq. (39770)
Ratcliffe Harten Galamaga LLP
40 Westminster Street, 7th Floor
Providence, RI 02903
(401) 490-4651
rratcliffe@rhgllp.com

March 30, 2026

12

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25, I hereby certify that on March 30, 2026, I tendered the within Motion by electronic court filing (ECF) and that it will be sent electronically to the following and all registered participants as identified on the Notice of Electronic Filing:

Michael A. Kelly
mkelly@ksprlaw.com
Scott D. Levesque
slevesque@ksprlaw.com
Gregory Estabrooks
gestabrooks@ksprlaw.com
KSPR Law PC
128 Dorrance Street, Suite 300
Providence, RI 02903

*/s/  Nicole J. Benjamin*