———

No. 26-1272

———

**UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT**

SOSCIA HOLDINGS, LLC; STRUCTURES AT JOHNSON'S POND, LLC;
BOATING AT JOHNSON'S POND, LLC; WATERFRONT AT JOHNSON'S
POND, LLC; COMMON AREA AT JOHNSON'S POND, LLC; LAND AT
JOHNSON'S POND, LLC,
*Plaintiffs – Appellees,*

v.

TOWN OF COVENTRY, by and through its Finance Director Robert J. Civetti, in
the Individual and Official Capacity; HILLARY V. LIMA, in the Individual and
Official Capacity as Council President; JAMES E. LEBLANC, in the Individual
and Official Capacity as Council Vice President; JOHNATHAN J. PASCUA, in
the Individual and Official Capacity as Councilmember; ALISA M. CAPALDI, in
the Individual and Official Capacity as Councilmember; KIMBERLY A.
SHOCKLEY, in the Individual and Official Capacity as Councilmember;
JENNIFER M. LUDWIG, in the Individual and Official Capacity as
Councilmember; DANIEL O. PARILLO, JR., in the Individual and Official
Capacity as Town Manager; STEPHEN J. ANGELL, ESQ., in the Individual and
Official Capacity as Town Solicitor,
*Defendants – Appellants*

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
(Case No. 1:25-cv-00274-MRD-AEM)

———

**<u>APPELLANTS' OBJECTION TO MOTION TO DISMISS APPEAL</u>**

Appellants the *Town of Coventry, et al.*, hereby object to Appellees' Motion

to Dismiss Appeal.

**<u>INTRODUCTION</u>**

Out of respect for the constitutional design of parallel state and federal courts, federal courts do not enjoin state courts. They may do so only in the rarest circumstances, which are not present here. Yet that is what the district court did. It enjoined an ongoing state condemnation proceeding commenced by the Town of Coventry (the "Town"), even after an associate justice of the Rhode Island Superior Court, applying Rhode Island law, expressly held that court has jurisdiction over that ongoing proceeding.

The district court premised its injunction order on the All Writs Act, 28 U.S.C. § 1651, and granted sweeping relief that the operative complaint did not request and that exceeded the scope of Plaintiffs' own injunction motion. Mem. & Order at 33, ECF No. 60. But the authority conferred by the All Writs Act is tightly circumscribed by the Anti–Injunction Act, 28 U.S.C. § 2283, a statute grounded in principles of federalism. The Anti-Injunction Act serves as a bulwark against unseemly interference with state court proceedings; it is not a minor revetment to be easily overcome. Rather, it stands as "a fortress which may only be penetrated through the portals that Congress has made available." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1100 (9th Cir. 2008). Because the "statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged

2

by loose statutory construction." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). Accordingly, [p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts." *Id*.

The district court's injunction order contravenes those principles in multiple respects. The district court failed to apply the Anti-Injunction Act with the strictness required by precedent and instead expanded its narrow exceptions beyond their intended bounds. This error has profound effects on the Appellants. The injunction not only halts an ongoing state court proceeding, it deprives the Town of its right to bring that proceeding to conclusion, obtain a final judgment on just compensation, secure an order disbursing to Appellees the funds it deposited in the Superior Court registry nearly two years ago, and remedy any taking.

Appellants therefore are entitled, as a matter of right, to an immediate appeal from the grant of that injunction under 28 U.S.C. § 1292(a)(1).

## **BACKGROUND**

In 2024, the Town began the process of acquiring property and interests then owned by Appellees by eminent domain pursuant to R.I. Gen. Laws § 24-1-1, *et seq.* After passing a series of resolutions authorizing condemnation, the Town filed a miscellaneous petition in Rhode Island Superior Court captioned *In re Town of*

*Coventry*, KM-2024-0578 (the "State Court Condemnation Action"), instituting an *in rem* condemnation proceeding under R.I. Gen. Laws § 24-1-3.

On June 28, 2024, following a hearing at which it received an affidavit and report from the Town's appraiser, the Superior Court (Associate Justice Richard A. Licht) approved a condemnation order and accepted a deposit of $157,000 into the Superior Court's registry as the estimated just compensation for the property. That same day, the Superior Court entered a Condemnation Order providing that, "[b]y exercise of eminent domain, the [Town] acquired in fee simple absolute all right, title, and interest in . . . Johnson's Pond, the dam at Johnson's Pond, and a parcel of open space land immediately downstream of the pond and dam." Condemnation Order ¶ 1, ECF No. 34-25. The Superior Court found, based on the Town's submission and the appraiser's affidavit, that the $157,000 deposit was sufficient for purposes of R.I. Gen. Laws §§ 32-4-8 and 24-1-3. *Id.* ¶ 3. The Order further stated that upon deposit, "without further order, and by operation of law" under those statutes, fee simple title would vest in the Town and the right to just compensation would vest in the persons entitled thereto. *Id.* ¶ 4. In accordance with the Condemnation Order, the Town deposited the sum of $157,000 into the Superior Court's registry.

By statute, the Superior Court was required to keep the State Court Condemnation Action open for a period of at least one year so that:

> Any owner of, or person entitled to any estate or right in, or interested in any part of the real property so taken, . . . may, within one year from the time the sum of money estimated to be just compensation is deposited in the superior court to the use of the persons entitled thereto, apply by petition to the superior court for the county in which the real property is situated, setting forth the taking of his or her land or estate or interest therein and praying for an assessment of damages by the court or by a jury.

R.I. Gen. Laws § 24-1-8.

Days before the one-year statutory deadline for petitioning the Superior Court for an assessment of damages, Appellees chose to ignore it, raced to the federal courthouse, and filed state and federal claims there. Their original complaint in the district court asserted, *inter alia*, 42 U.S.C. § 1983 claims and sought "an award of equitable or injunctive relief invalidating the condemnation and returning the Condemned Property to the Plaintiffs." Compl. at 48, 50-51, ECF No. 1, In response, on August 11, 2025, Appellants moved to dismiss or abstain, arguing in part that Plaintiffs' equitable claims and their requests for injunctive and declaratory relief should be dismissed. Defs.' Mot. Dismiss or Abstain at 3-4, ECF No. 23.

Rather than oppose that motion and confront the abstention problems triggered by their attempt to undo the condemnation, Appellees amended their complaint to remove all requests that the district court enjoin the condemnation itself. *Compare* Compl. at 48, 50-51, *with* First Am. Compl. at 53-54, 60, 63-64, ECF No. 34. Thus, whatever forward-looking injunctive relief they initially sought

5

on their § 1983 claims, they abandoned in their operative pleading. The amended §
1983 claims are purely backward-looking, seeking compensatory damages rather
than any injunction or declaratory judgment staying the State Court Condemnation
Action. In fact, Appellees expressly represented to the Superior Court that they
sought only just compensation (*i.e.*, money damages) in the federal action. Hearing
Tr. (Sept. 30, 2025) at 5:22-25, ECF No. 46-3 ("We filed an amended complaint in
the federal court. There are no claims in that complaint, the amended complaint,
other than seeking just compensation under the 5th and 14th Amendment.").

Meanwhile, in the State Court Condemnation Action, and after extensive
briefing and argument over the Superior Court's jurisdiction, the Superior Court
issued a written decision on November 7, 2025, concluding that it had jurisdiction
to hear the Town's Motion for Entry of Judgment or, Alternatively, Assignment for
Trial. The Superior Court found that (1) the Town's reliance on R.I. Gen. Laws §
32-4-8 and the procedures set forth in R.I. Gen. Laws § 24-1-1, *et seq.*, was proper
because the Town acquired the property by eminent domain for public conservation
and recreation purposes, Nov. 7, 2025 Decision at 9-12, ECF No. 51-2; (2) the Court
validly exercised jurisdiction and ordered the deposit of funds into the Court's
registry, *id.* at 13; (3) the State Court Condemnation Action remained open and the
Superior Court continued to have jurisdiction, *id.* at 13-14; (4) under R.I. Gen. Laws
§ 24-1-9, "the [Superior] Court has jurisdiction to hear the Town's motion for entry

of judgment," *id.* at 13; and (5) under R.I. Gen. Laws § 24-1-9, the Superior Court has jurisdiction to hear the Town's alternative motion for an order assigning the case to trial. *Id.* at 15. Having determined its jurisdiction to proceed, the Superior Court scheduled a hearing on the Town's Motion for Entry of Judgment or, Alternatively, Assignment for Trial for December 17, 2025.

In the federal court, after a scheduling order governing responses to the amended complaint entered, Appellants moved again to dismiss or abstain. *See generally* Defs.' Mot. Dismiss or Abstain, ECF No. 51. Appellees, meanwhile (and notwithstanding their earlier abandonment of forward-looking relief), filed a motion for injunctive and declaratory relief, this time seeking to enjoin Appellants from proceeding with the Superior Court's scheduled hearing on the Town's Motion for Entry of Judgment or, Alternatively, Assignment for Trial. *See generally* Pls.' Mot. Inj. and Declaratory Relief, ECF No. 45. The district court consolidated both motions for a single hearing as the threshold question of whether to dismiss or abstain was necessarily antecedent to any grant of injunctive relief. In other words, the court could not enjoin the Superior Court proceeding without first determining that it had both the jurisdiction and the discretion to act.[1]

---

[1] The morning of the December 17, 2025 hearing, Appellees' counsel purported to withdraw from the State Court Condemnation Action. *See* Notice of Withdrawal of Special Entry of Appearance by Counsel, ECF No. 48-4; Dec. 17, 2025 Cover Letter, ECF No. 48-5. Rather than proceed with the scheduled hearing, the Superior Court asked the parties consider whether, after consultation with the district court,

On February 18, 2026, the district court heard oral argument on both motions and, on March 12, 2026, days before the scheduled March 16, 2026 hearing in the State Court Condemnation Action, issued a Memorandum and Order, ECF No. 60. The district court concluded that no abstention doctrine required it to abstain and then invoked the All Writs Act to enjoin the State Court Condemnation Action from going forward. In doing so, the district court granted sweeping All Writs Act relief that the operative complaint did not request and that exceeded the scope of Plaintiffs' own injunction motion. *Id.* at 33.

On March 17, 2026, Appellants promptly appealed pursuant to 28 U.S.C. § 1292(a)(1).

## ARGUMENT

**I. The district court's order granting an injunction is immediately appealable under 28 U.S.C. § 1292(a)(1).**

The district court's order granting an injunction is immediately appealable and this is not an appropriate issue for summary disposition.

---

the federal and state courts could jointly try the related matters. Pls.' Mot. for Pre-Trial Conf. and Issuance of Scheduling Ord. under Fed. R. Civ. P. 16 at 5, ECF No. 48. Before the Town could weigh in, Appellees opposed that suggestion. *Id.* at 7-8. Accordingly, the Superior Court rescheduled the hearing on the Town's Motion for Entry of Judgment or, Alternatively, Assignment for Trial for March 16, 2026.

Section 1292(a)(1) authorizes interlocutory review of orders "granting, continuing, modifying, refusing or dissolving injunctions."[2] The district court's order falls squarely within that authorization: it expressly grants injunctive relief and halts the ongoing State Court Condemnation Action. *See generally* Mem. & Order. The district court's order transgresses the strict limits of the Anti-Injunction Act and immediate appellate review is essential to restore the state court's authority and allow the Town to conclude the ongoing State Court Condemnation Action unimpaired by federal intervention. Only prompt relief can ensure that the State Court Condemnation Action proceeds without further unlawful interference. Section 1292(a)(1) affords Appellants that prompt relief.

Circuit courts repeatedly have exercised appellate jurisdiction under Section 1292(a)(1) to entertain interlocutory appeals from All Writs Act injunctions, including those issued on the theory that they fall within one of the Anti-Injunction Act's exceptions. *See, e.g., Tooele Cnty. v. United States*, 820 F.3d 1183, 1187 (10th

---

[2]  28 U.S.C. § 1292(a)(1) provides:

> Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.

Cir. 2016); *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 675 (11th Cir. 2012); *Est. of Brennan ex rel. Britton v. Church of Scientology Flag Serv. Org., Inc.*, 645 F.3d 1267, 1272 (11th Cir. 2011); *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1096–98 (9th Cir. 2008); *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 328 (3d Cir. 2007); *Burr & Forman v. Blair*, 470 F.3d 1019, 1023 (11th Cir. 2006); *In re Diet Drugs*, 282 F.3d 220, 230 n.5 (3d Cir. 2002); *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999); *United States v. Dorgan*, 522 F.2d 969, 971 n.1 (8th Cir. 1975).

Appellees' Motion asks this Court to part ways with its sister circuits and hold that Section 1292(a)(1) does not confer jurisdiction to review an interlocutory appeal from an All Writs Act injunction entered in violation of the Anti-Injunction Act. That departure is unwarranted here.

Appellees' request that the Court summarily resolve its jurisdiction over this Section 1292(a)(1) appeal is also without support. Questions concerning appellate jurisdiction over a Section 1292(a)(1) appeal are not ordinarily considered on summary disposition. For example, in *Negrete v. Allianz Life Insurance Co. of North America*, when the appellee filed a motion to dismiss the appeal for lack of jurisdiction, the court denied the motion, noting that the issue of jurisdiction could properly be addressed by the merits panel. *See* No. 07-55505 (9th Cir. Nov. 13, 2007), ECF No. 27. When the case reached the merits panel, the court undertook a

thorough analysis before concluding that it had jurisdiction over the appeal from the All Writs Act injunction. Accordingly, Appellees' Motion to Dismiss should be denied so that the merits panel may undertake a full review of its jurisdiction with the benefit of the full context of the appellate issues here.

**II. The district court's order is binding on the Town.**

If this Court nonetheless entertains Appellees' Motion, Appellees' principal contention—that the district court's Memorandum and Order "is not directed to the Appellants," but rather the Superior Court—cannot withstand scrutiny. Appellees' Mot. to Dismiss Appeal ("Mot.") at 9. As the Ninth Circuit cautioned when considering whether an order fell within the scope of an injunction for purposes of Section 1292(a)(1), "looks can be deceiving. We cannot content ourselves with the surface, but must expiscate further." *Negrete*, 523 F.3d at 1097. The same principle applies here: the Court must examine the Order's substance and practical effect, not merely its form or to whom it is directed.

Appellees' assertion here is a red herring and flatly contradicts Appellees' repeated concession that—whether styled as running against the parties or the Superior Court—an order enjoining the ongoing State Court Condemnation Action operates in precisely the same way. *See* Pls.' Mot. for Injunctive and Declaratory Relief at 50. Appellees' changed position conflicts with Supreme Court precedent recognizing that it makes no difference whether an injunction is framed as running

against the court or against the parties, because the effect is the same in either case. Moreover, this Circuit looks to the practical effect, not formal phrasing alone, and the practical effect here is to restrain the Town—the party that invoked the Superior Court's jurisdiction and sought a final judgment—and its privies, the other Appellants here.

It is black-letter law that an injunction directed to a party operates no differently than one directed to the court. *Atl. Coast Line R. Co.*, 398 U.S. at 287–88 ("It is settled that the [Anti-Injunction Act] cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding."); *Okla. Packing Co. v. Okla. Gas & Elec. Co.*, 309 U.S. 4, 9 (1940) ("That the injunction was a restraint of the parties and was not formally directed against the state court itself is immaterial."); *accord Gloucester Marine Railways Corp. v. Charles Parisi, Inc.*, 848 F.2d 12, 15 (1st Cir. 1988); *Negrete*, 523 F.3d at 1098; *Piambino v. Bailey*, 610 F.2d 1306, 1331 (5th Cir. 1980), *cert. denied*, 449 U.S. 1011 (1980); *In re Glenn W. Turner Enters. Litig.*, 521 F.2d 775, 779 (3d Cir. 1975).

Appellees themselves acknowledged this settled principle when they urged the district court to enjoin Appellants:

> [T]o be clear, out of respect for the Superior Court, the Plaintiffs are **not** seeking to directly enjoin Associate Justice Licht, as enjoining the parties currently before the Court from further prosecuting their actions in that forum,

12

> in a manner contrary to this Court's jurisdiction and Plaintiffs' constitutional rights, will suffice.

Pls.' Mot. for Injunctive and Declaratory Relief at 50 (emphasis in original).

The converse is equally true: an injunction formally directed to the court has the same practical effect as an injunction directed to a party. As Justice Brandeis, writing for a unanimous court, recognized the Anti-Injunction Act "governs a privy to the state court proceeding . . . as well as the parties of record." *Hill v. Martin*, 296 U.S. 393, 403 (1935); *see also Pelfresne v. Vill. of Williams Bay*, 865 F.2d 877, 879-80 (7th Cir. 1989).

This Circuit, like others, employs a "functional approach," "looking not to the form of the district court's order but to its actual effect." *Sierra Club v. Marsh*, 907 F.2d 210, 213 (1st Cir. 1990). Under that approach, "the mere form of the injunction does not describe its true reach." *Negrete*, 523 F.3d at 1098. Thus, an injunction that, in form, is directed to a party and its attorneys, but in substance, interferes with proceedings in other courts, binds both. *See id*.

Here, while the district court's order, in form, is directed at the Superior Court, in substance and practice, it directly interferes with the Town's ability to conclude the state statutory condemnation action it commenced nearly two years ago (and nearly a year before Appellees filed their federal court action). If the state court is prohibited from proceeding, so too is the Town. As such, the injunction indisputably bars the Town from continuing to exercise its right to proceed in state

13

court on its first-in-line condemnation/just compensation petition, making the Town the true party affected by the order despite the formal direction of the injunction at the Superior Court.

The district court's injunction order here bears no resemblance to the procedural directive at issue in *Ramirez v. Rivera-Dueno*, 861 F.2d 328 (1st Cir. 1988), on which Appellees rely. Mot. at 12-13. In *Ramirez*, when a dispute arose as to whether the parties had reached a settlement agreement, the district court merely directed the special master to confer with the parties to determine if agreement could be reached and, at the same time, denied the defendants' request for a trial. *Ramirez*, 861 F.2d at 331-32. The defendants contended that the court's procedural order amounted to an injunction because it effectively compelled them to continue meeting with the special master against their will. *Id.* at 334. This Court, recognizing the injunctive aspects of the district court's order, concluded that it was not an appealable injunction under Section 1292(a)(1), relying on the general rule that "'[a]n order by a federal court that relates only to the conduct or progress of the litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1).'" *Id*.

That rationale has no bearing here. The order at issue does not regulate proceedings before the district court—it halts ongoing proceedings in the state court and it does so after the state court concluded it had jurisdiction to proceed. *See* Mem.

14

& Order at 33. By enjoining an active State Court Condemnation Action, the district court did not manage its own docket or provide direction to a special master of that court. Rather, it invaded another tribunal's sovereign jurisdiction and, regardless of its direction to the Superior Court, it barred the Town from exercising its right to proceed there. The district court's order sets forth the very type of appealable injunctive relief that Section 1292(a)(1) was designed to reach.

### III. The district court's order grants part of the ultimate relief sought in the lawsuit.

Appellees next maintain that the district court's order is not an appealable injunction because it does not grant or deny part or all of the ultimate relief sought in the lawsuit (just compensation and damages under 42 U.S.C. § 1983), but merely preserves the district court's jurisdiction. Mot. at 13-16.

Orders that "in no way touch on the merits of the claim but only relate to pretrial procedures are not . . . 'interlocutory' within the meaning of § 1292(a)(1)." *Switzerland Cheese Ass'n v. E. Horne's Market, Inc.,* 385 U.S. 23, 25 (1966).

That is not this order. The district court's order plainly touches the merits of the claim. "The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985), *overruled on other grounds by Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019). As the Supreme Court recognized in *Knick*, "[a] later payment of compensation may

15

remedy the constitutional violation that occurred at the time of the taking." 588 U.S. at 193. As a requisite part of its statutory condemnation order, the state Superior Court made an evidence-based determination of estimated just compensation and required the Town to deposit that amount into the court's registry. Condemnation Order ¶¶ 3-4. Nearly two years ago, the Town complied by depositing the funds and has awaited the state court's final determination of just compensation so that payment could be made to Appellees. First Am. Compl at 2. The district court's injunction now prevents that process from concluding. It indefinitely bars, if not forecloses, the Town from obtaining a final determination of just compensation in state court, it indefinitely bars, if not forecloses, the Town from obtaining an order releasing the funds from the court registry to Appellees, it indefinitely bars, if not forecloses, the Town from remedying the alleged constitutional violation that occurred at the time of the taking, and it indefinitely impairs, if not forecloses, the Town's ability to defend against Appellees' takings claims in this Court. By enjoining the State Court Condemnation Action, the district court did far more than issue a procedural directive—it fundamentally altered the parties' substantive rights. The injunction directly impairs Appellants' ability to invoke and pursue state statutory condemnation procedures.

In protesting otherwise, Appellees claim that this Court's decision in *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983) "is

analytically on all fours with the present case." Mot. at 16. It is not. *Polyplastics, Inc.* involved a case-management order ancillary to the federal court's grant of removal. *Id.* at 877. The Court held that protective orders to state courts in removal cases are not appealable as interlocutory injunctions under Section 1292(a)(1) because they are merely declaratory of statutory rights already automatically effected by removal. *Id.* at 879-80.

The district court's injunction here is not a case-management order ancillary to a grant of removal, nor is it merely declaratory of statutory rights. Rather, it restrains a separate ongoing state statutory condemnation action and alters substantive rights by preventing the Town from proceeding with that ongoing action.

The district court's action more closely parallels the injunction at issue in *Negrete*, 523 F.3d at 1091. There, the district court enjoined a defendant from settling other cases without its approval and from even discussing settlements in other proceedings absent the consent of all parties before the court. *Id.* at 1097. The Ninth Circuit held that such an order was appealable under Section 1292(a)(1) because it effectively barred the defendant from defending or settling parallel litigation in other courts. *Id.* at 1097-98. The same principle applies here: by halting the ongoing State Court Condemnation Action, the district court's injunction intrudes upon and suspends separate judicial proceedings, making immediate appellate review both necessary and proper.

**IV. The district court's order has serious and irreparable consequences.**

Appellees argue that the order does not inflict serious or irreparable harm on the Town because it must pay just compensation in either forum. Mot. at 17. That oversimplifies the district court's order and ignores what the injunction actually does.

The order strips the Town, for the duration of the federal case, of its ability to secure a state-court determination of just compensation and bring that action to a final judgment. That, standing alone, constitutes serious, irreparable harm. Courts have recognized that interlocutory review is appropriate to forestall improper delay in other proceedings caused by an anti-suit injunction. *See Negrete*, 523 F.3d at 1097 (holding that "damage to prompt proceedings in other cases" is serious, irreparable harm that cannot be cured by an appellate decision "months or years" later). Moreover, once the federal case proceeds to judgment, the Town cannot be restored to the pre-injunction position in any meaningful sense because the opportunity to litigate just compensation in the already-pending state proceeding will have been lost.

Appellees' effort to equate this case with non-appealable forum-selection decisions is misplaced. *See* Mot. at 17-18. First, Appellants' entitlement to interlocutory review rests on Congress's express decision to make injunctions immediately appealable. 28 U.S.C. § 1292(a)(1). The Supreme Court's conclusions

in *Lauro Lines* and *Biard* that orders enforcing forum-selection clauses are not immediately appealable do not diminish Congress's separate judgment that injunctions occupy a different category and are reviewable as of right. *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 500–01 (1989); *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529-30 (1988).

A forum-selection ruling simply directs where the federal case will proceed and it is reviewed, if at all, under the collateral-order doctrine. *Lauro Lines s.r.l.*, 490 U.S. at 501. It does not enjoin another sovereign's court or halt a separate, ongoing state-court action—the type of relief that falls within Section 1292(a)(1)'s core concern.

**V.    Appellants have standing to challenge the district court's order.**

The Town is plainly aggrieved by, and thus has Article III standing to appeal, the district court's injunction order.

The order freezes an ongoing condemnation that the Town initiated under state law, deprives the Town of its right to bring that proceeding to conclusion, obtain a final judgment on just compensation, secure an order disbursing to Appellees the funds it deposited in the Superior Court registry nearly two years ago, and remedy any taking. These are all concrete injuries to the Town's own statutory and pecuniary interests.

To be sure, Appellants are not asserting the Appellees' right to compensation, as Appellees' claim, but rather their own right, under state statutory law, to commence and conclude a condemnation in state court. Mot. at 20. By divesting the state court of jurisdiction to conclude the proceeding, the injunction deprives the Town of the very forum and procedures that the state condemnation statute confers and that the Town, as the condemning authority and ultimate payor of just compensation, has a direct stake in using. That is more than sufficient injury-in-fact and redressability to give the Town standing to challenge the order.

Appellees' standing argument is untenable. Appellees urged the district court to enter an injunction against Appellants rather than the state court, expressly acknowledging that an order directed to either would have the same practical effect. Yet once the district court enjoined the non-party state court, Appellees abruptly pivoted to contend that the injunction does not, in fact, operate against Appellants at all. Appellees cannot insulate the district court's order by insisting that the very party whose rights are directly burdened by it lacks standing to appeal.

If Appellees were correct and only the enjoined state court has standing to appeal, then the district court necessarily exceeded its powers under the All Writs Act by enjoining the state court without affording it notice and an opportunity to be heard. The All Writs Act authorizes federal courts to issue writs "agreeable to the usages and principles of law," 28 U.S.C. § 1651(a), which serves as an important

20

restraint, mandating that courts look first to common law foundations when determining whether a requested writ is permissible. *United States v. Hayman*, 342 U.S. 205, 221 n.35 (1952); *accord Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013). The essential elements of due process—notice and an opportunity to be heard—have deep common law roots. *See Den ex dem. Murray v. Hoboken Land & Imp. Co.*, 59 U.S. 272, 280 (1855); *see also* Edward J. Eberle, *Procedural Due Process: The Original Understanding*, 4 Const. Comment. 339, 339-46 (1987). If, as Appellees contend, only the state court itself has standing to complain, then the district court necessarily violated § 1651(a)'s limitation by enjoining that sovereign tribunal without ever affording it notice or a meaningful opportunity to be heard.

**VI.    In the alternative, the Court may treat this appeal as a petition for mandamus.**

If the Court has any doubt about the propriety of this appeal, it can and should treat it as a petition for mandamus under the All Writs Act. 28 U.S.C. § 1651(a). As even the case law relied on by Appellees demonstrates, it is well within the Court's discretion to treat a Section 1292(a)(1) appeal as a petition for writ of mandamus. *See Ramirez*, 861 F.2d at 334; *see also Fed. Deposit Ins. Corp. v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979). Such a writ is proper upon a showing that interlocutory relief is necessary to prevent irreparable harm. *Ramirez*, 861 F.2d at 334-35.

Here, as shown above, each day the district court's order remains in effect, Appellants suffer serious, irreparable harm because the state court is prevented from bringing the Town's ongoing condemnation action to conclusion. As this Court recognized in *Ramirez*, denial of the right to a trial (or here, final judgment), "causes 'harm [that] goes far beyond the mere burden and expense of protracted litigation.'" *Id.* at 335 (quoting *In re Perry,* 859 F.2d 1043, 1046 (1st Cir. 1988)).

Moreover, Appellants have a clear and compelling entitlement to the relief they seek, grounded in principles of constitutional dimension. The long-settled presumption that state and federal courts may exercise concurrent jurisdiction over a wide variety of matters, coupled with the Anti-Injunction Act's express prohibition on federal courts enjoining state court proceeding and its narrowly construed exceptions, left the district court without authority to enjoin the ongoing State Court Condemnation Action.

As in other cases where this Court has granted a writ of mandamus, "the district court's order 'ha[s] come to assume such importance in this case that justice requires [the Court] to deal with [it] now rather than later.'" *Id.* (quoting *In re P.R. Electric Power Authority*, 687 F.2d 501, 506 (1st Cir. 1982)).

<b><u>CONCLUSION</u></b>

For the foregoing reasons, Appellees' Motion to Dismiss should be denied.

22

Defendants – Appellants
Town of Coventry and Jonathan J. Pascua in
his individual capacity,

By their attorneys,

*/s/ John A. Tarantino*
*/s/ Nicole J. Benjamin*
John A. Tarantino, Esq. (#35607)
Nicole J. Benjamin, Esq. (#1143353)
ADLER POLLOCK & SHEEHAN, P.C.
100 Westminster Street, 16th Floor
Providence, RI 02903
(401) 427-6262
jtarantino@apslaw.com
nbenjamin@apslaw.com

Defendants-Appellants
Town of Coventry and, in their official
capacities, the following elected or
appointed officials: Robert J. Civetti as
Finance Director; Hillary V. Lima as
Council President; James E. Leblanc as
Council Vice President; Jonathan J. Pascua
as Councilmember; Alisa Capaldi as
Councilmember; Kimberly A. Shockley as
Councilmember; Jennifer M. Ludwig as
Councilmember; Daniel O. Parrillo as Town
Manager; and Stephen J. Angell as Town
Solicitor

By their Attorneys,

*/s/ Marc DeSisto*
*/s/ Kathleen M. Daniels*
Marc DeSisto (#33548)
Kathleen M. Daniels (#35777)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906

23

(401) 272-4442
marc@desistolaw.com

Defendants-Appellants
Town of Coventry and, in their official
capacities, the following elected or
appointed officials: Robert J. Civetti as
Finance Director; Hillary V. Lima as
Council President; James E. Leblanc as
Council Vice President; Jonathan J. Pascua
as Councilmember; Alisa Capaldi as
Councilmember; Kimberly A. Shockley as
Councilmember; Jennifer M. Ludwig as
Councilmember; Daniel O. Parrillo as Town
Manager; and Stephen J. Angell as Town
Solicitor; and in their individual capacities:
Hillary V. Lima; James E. Leblanc; Alisa
Capaldi; Kimberly A. Shockley; Jennifer M.
Ludwig; and Daniel O. Parrillo

By their Attorneys,

*/s/ Michael T. Eskey*
Michael T. Eskey, Esq. (#5081)
Moses Ryan Ltd.
40 Westminster Street, 9th Floor
Providence, RI 02903
(401) 453-3600
teskey@marlawri.com

Defendant,
Stephen J. Angell, in his individual capacity,

By his Attorneys,

*/s/ James Richard Ratcliffe*
James Richard Ratcliffe, Esq. (39770)
Ratcliffe Harten Galamaga LLP
40 Westminster Street, 7th Floor
Providence, RI 02903

24

(401) 490-4651
rratcliffe@rhgllp.com

March 31, 2026

## **CERTIFICATE OF SERVICE**

Pursuant to Fed. R. App. P. 25, I hereby certify that on March 31, 2026, I tendered the within Motion by electronic court filing (ECF) and that it will be sent electronically to the following and all registered participants as identified on the Notice of Electronic Filing:

Michael A. Kelly
mkelly@ksprlaw.com
Scott D. Levesque
slevesque@ksprlaw.com
Gregory Estabrooks
gestabrooks@ksprlaw.com
KSPR Law PC
128 Dorrance Street, Suite 300
Providence, RI 02903

/s/  Nicole J. Benjamin