————

No. 26-1272

————

**UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT**

SOSCIA HOLDINGS, LLC; STRUCTURES AT JOHNSON'S POND, LLC;
BOATING AT JOHNSON'S POND, LLC; WATERFRONT AT JOHNSON'S
POND, LLC; COMMON AREA AT JOHNSON'S POND, LLC; LAND AT
JOHNSON'S POND, LLC,
*Plaintiffs – Appellees,*

v.

TOWN OF COVENTRY, by and through its Finance Director Robert J. Civetti, in
the Individual and Official Capacity; HILLARY V. LIMA, in the Individual and
Official Capacity as Council President; JAMES E. LEBLANC, in the Individual
and Official Capacity as Council Vice President; JOHNATHAN J. PASCUA, in
the Individual and Official Capacity as Councilmember; ALISA M. CAPALDI, in
the Individual and Official Capacity as Councilmember; KIMBERLY A.
SHOCKLEY, in the Individual and Official Capacity as Councilmember;
JENNIFER M. LUDWIG, in the Individual and Official Capacity as
Councilmember; DANIEL O. PARILLO, JR., in the Individual and Official
Capacity as Town Manager; STEPHEN J. ANGELL, ESQ., in the Individual and
Official Capacity as Town Solicitor,
*Defendants – Appellants*

————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
(Case No. 1:25-cv-00274-MRD-AEM)

————

**<u>APPELLEES' REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL</u>**

The Appellants' Introduction and Background distorts the factual

circumstances underlying the District Court's Order and requires correction:

1. The actions in the District Court and Superior Court are not "parallel" because "[n]one of the Plaintiffs or Defendants (except the Town of Coventry) in this case are named in any action or petition pending in the Superior Court, and neither are any constitutional claims." Mem. & Order, ECF No. 60, at 23–24.

2. The Superior Court action is not an "ongoing state condemnation proceeding" because "**the Taking of the Plaintiffs' Property *has been completed***[.]" *Id.* at 29 (emphasis added).[1]

3. The Appellees initiated "just compensation" proceedings in the District Court before the Town attempted to in the Superior Court. *Id.* at 8–11, 17–18.

4. The Superior Court has never had jurisdiction over the Appellees or their claims, and the Superior Court's *in rem* jurisdiction is limited to funds in its Registry, to which the Appellees make no claim. *Id.* at 31, 31 n.8.

5. The question of abstention was not "necessarily antecedent" to the relief issued under the All Writs Act and exceptions to the Anti-Injunction Act, and the Court found the relief was legally authorized before considering abstention only in the context of whether to exercise its discretion. *Id.* at 6–18.

---

[1] *See also U.S. v. Jones*, 109 U.S. 513, 519 (1883) (explaining that the sovereign's power of eminent domain and the property owner's constitutional right to just compensation are fundamentally distinct, and the latter may be determined by "any appropriate tribunal").

6. When the Appellees withdrew their claims seeking to reverse the condemnation, the Appellees did not "abandon" the right to invoke the All Writs Act to preserve the District Court's jurisdiction over their "just compensation" claims. *Id.* at 4, 13.

7. The relief issued by the District Court was within the scope of the Appellees' Motion. Pls.' Mot. for Injunctive & Declaratory Relief, ECF No. 45, at 51 ¶ 9.

After scrubbing the record clean of the Appellants' conjecture, this Court must reject the Appellants' arguments for the following reasons.

## ARGUMENT

### I. The All Writs Act cannot enlarge this Court's appellate jurisdiction under 28 U.S.C. § 1292(a)(1).

The Appellants attempt to utilize the All Writs Act and Anti-Injunction Act to expand the scope of this Court's appellate jurisdiction under § 1292(a)(1). Appellants' Obj. at 9–10. They do this in error.

"**The All Writs Act . . . is not an independent grant of appellate jurisdiction**[,]" and "**[t]he All Writs Act cannot enlarge a court's jurisdiction**[.]" *Clinton v. Goldsmith*, 526 U.S. 529, 535 (1999) (internal citations omitted, emphasis added).

Aside from this statutory conflation permeating through the Objection, the Appellants' string citation of non-binding authority is replete with cases where (1) appellate jurisdiction was not seriously examined, and/or (2) the case involved a

3

distinguishable order. *See, e.g.*, *Tooele Cnty. v. U.S.*, 820 F.3d 1183, 1185–87 (10th Cir. 2016) (order enjoining federal party before it and Tenth Circuit merely noting that "as a preliminary injunction, the order was appealable"); *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 675 (11th Cir. 2012) (appellate jurisdiction not at issue and involving order enforcing prior consent decree resulting from Clean Water Act litigation against parties to the decree).

Considering these cases have nothing to do with the jurisdictional issue before this Court—*i.e.*, whether the Order enjoining the Superior Court from proceeding on "just compensation" is an "interlocutory injunction" against the Appellants under § 1292(a)(1)—the Appellees are not asking for a "departure" from any authority of the Circuits.

*Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091 (9th Cir. 2008) is the only case cited by the Appellants providing any insight for the Court. In *Negrete*, the Ninth Circuit applied the "practical effects" test and considered whether the district court's order under the All Writs Act was immediately appealable pursuant to § 1292(a)(1). *Negrete*, 523 F.3d at 1096–98.

The order in *Negrete* enjoined a federal class-action defendant, Allianz, from settling other claims pending against it in numerous other courts. *Id.* The Appellants do not mention what those claims were.

4

**The claims that Allianz was defending against in courts across the United States were serious RICO and consumer protection violations for selling fraudulent annuities to senior citizens**. *Id.* at 1094. Clearly, the inability to fully defend these widespread claims by different classes pending against Allianz had "serious, perhaps irreparable, consequences" for it—making the order directed to Allianz an immediately appealable "injunction" under § 1292(a)(1). *Id.* at 1098 ("The consequences of the order are serious to say the least[.]").

The same cannot be said for the Appellants. The only claims pending against the Appellants related to the Taking are the Appellees' claims in the District Court. Mem. & Order, ECF No. 60, at 23. The Appellees are not a party to the Superior Court proceeding, and the Appellees informed the Superior Court that they are unwilling to litigate their claims there. *Id.* After *Knick*, the Appellees cannot be forced to litigate "just compensation" in the Superior Court. *Knick*, 588 U.S. at 185, 191, 194, 206.

Despite the Appellees solely filing their claims for "just compensation" in the District Court, the Town filed its Motion in the Superior Court **45-days later** and requested "a final judgment determining that the value of the condemned property is $157,000 and discharging the Town for all liability in connection with the taking." Motion for Injunctive & Declaratory Relief, ECF No. 45–1, at 8 (Ex. 2 (Town's Motion), at 1).

Therefore, unlike *Negrete*, this Order did not hamstring the Appellants from defending any claims levied against them in other courts; the Order shielded the District Court's jurisdiction to adjudicate the pending claims before it. Mem. & Order, ECF No. 60, at 1–2.

The Appellants' contention that they stand to suffer the same "serious, perhaps irreparable, consequences" as Allianz faced in *Negrete* is nothing short of Machiavellian. Appellants' Obj. at 11, 13, 17–19 (relying principally upon *Negrete*).

## II. The Appellants conflate a principle used in applying the Anti-Injunction Act with the "practical effects" test applied to 28 U.S.C § 1292(a)(1).

Next, the Appellants attempt to skirt this Circuit's requirement that the Order be "directed to" them to qualify as an "injunction" for purposes of § 1292(a)(1). Appellants' Obj. at 11–15 (arguing that under § 1292(a)(1)'s "practical effects" test, of which the "directed to a party" requirement is an element, the "directed to a party" element does not really mean "directed to a party" because of All Writs Act and Anti-Injunction Act caselaw).

However, the Appellants' test-element expansion must be rejected because: (1) the All Writs Act and Anti-Injunction Act have no bearing on appellate jurisdiction, *Clinton*, 526 U.S. and 535; (2) "[t]he Supreme Court has 'construed [§ 1292(a)(1)] narrowly,'" *Chronicle Pub. v. Hantzis*, 902 F.2d 1028, 1030 (1st Cir. 1990) (quoting *Carson*, 450 U.S. at 84), and (3) this Circuit has been "unwilling to

adopt a more expansive reading of section 1292(a)(1) than is logically required." *Sierra Club v. Marsh*, 907 F.2d 210, 214 (1st Cir. 1990).

Other than *Negrete*, which actually involved an order directed to a federal defendant, the Appellants' contention that the Order "enjoining the Superior Court" is really "directed to" the Appellants relies upon the rule stated in *Gloucester Marine Railways Corp. Charles Parisi, Inc.*, 848 F.2d 12, 15 (1st Cir. 1988).

*Gloucester Marine* states that "[t]he Anti–Injunction Act 'cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding.'" *Id.* (quoting *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287 (1970)). *Gloucester Marine* has nothing to say about § 1292(a)(1).

In other words, the rule relied upon by the Appellants to circumvent the "directed to a party" requirement is intended to prevent courts from avoiding the Anti-Injunction Act by enjoining the parties before it instead of another court; it is not intended to give non-enjoined parties an immediate appeal of an order that is directed to another court under § 1292(a)(1).

The Appellants are unable to point to any precedent supporting their illogical construction of § 1292(a)(1)—especially where this Court has refused to stretch the "directed to a party" requirement to a link so close in degree as a federal party's own counsel. *Chronicle Pub. Co.*, 902 F.2d at 1030 ("The fact that the order is directed

7

to counsel, rather than to a party, by itself would seem to preclude interlocutory review.").

**III.    The Order does not grant any of "the ultimate relief sought by the suit."**

Continuing with a fruitless endeavor, the Appellants rely upon an overruled case for their next argument. Appellants' Obj. at 15–16 (citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985) and claiming it was "overruled on other grounds" by *Knick*).

At bottom, the Appellants contend they are entitled to "remedy the alleged constitutional violation" of the Taking asserted in the District Court by Appellees by obtaining a final judgment on "just compensation" in the Superior Court and forcing the Appellees to accept the $157,000.00 as the "just compensation" for the Taking. *Id.* at 16; Mem. & Order, ECF No. 60, at 3–4, 9–10.

The Appellees fail to see how the Appellants' list of claimed entitlements shows that the Order "grants (or denies) part or all of the ultimate relief sought by the suit" in the District Court, *Chronicle Pub. Co.*, 902 F.2d at 1030, which is the Appellees' receipt of "just compensation" from the Appellants. Further, to say that *Williamson County* supports the Appellants' course of action after *Knick* is simply wrong. *Knick*, 588 U.S. at 192 ("**The government's post-taking actions . . . cannot nullify the property owner's existing Fifth Amendment right**[.]") (emphasis added).

The Appellants' entire line of reasoning is premised upon an erroneous belief that they can **only** face liability for the Taking in the Superior Court.

First, after *Knick*, the Superior Court clearly cannot be the exclusive forum for the Appellees' Taking claim under the Fifth Amendment and 42 U.S.C. § 1983 and pursuant to 28 U.S.C. § 1331. *Knick*, 588 U.S. at 189–91. The District Court in fact found so in the Decision appealed herein.

Second, when the Appellees brought their "just compensation" claim in the District Court after the Taking, the Appellees were required to bring their related State law claim under R.I. Gen. Laws § 24-1-8 and pursuant to 28 U.S.C. § 1367(a). *Kale v. Combined Ins. Co. of America*, 924 F.2d 1161, 1165 (1st Cir. 1991).

Third, Rhode Island's compensation statutes cannot operate to deprive or restrict the District Court of its federal jurisdiction pursuant to §§ 1331 and 1367(a). *289 Kilvert, LLC v. SBC Tower Holdings LLC*, 133 F.4th 1, 6–7 (1st Cir. 2025); *Emigrant Mortgage Co.*, 127 F.4th 385, 389–91 (1st Cir. 2025). See Decision of the District Court.

And finally, Congress secured the Appellees' rights in bringing a unitary suit for "just compensation" in the District Court through § 1367(d)—without fear of the Appellants' draconian forfeiture argument. *Artis v. District of Columbia*, 583 U.S. 71, 89–92 (2018); *Jinks v. Richland Cnty., S.C.*, 538 U.S. 456, 462–67 (2003).

Therefore, there could be no proceedings in the Superior Court on "just compensation" without interfering with the jurisdiction conferred upon the District Court by Congress. The Appellants' "[distorted] reading of the Rhode Island statute would infringe on—indeed, would directly conflict with—federal court . . . jurisdiction under 28 U.S.C. § [1331 and 1367(a)]." *289 Kilvert*, 133 F.4th at 6–7.

The District Court's Order merely preserved its jurisdiction and enforced Acts of Congress—it did not grant any of the "ultimate relief" in the suit.

**IV. The Appellants have not explained how the Order has "serious, perhaps irreparable consequences" on them, or why it "may be challenged effectively only by immediate appeal."**

The Appellants claim that the Order strips them of defenses to the First Amended Complaint in the District Court. Appellants' Obj. at 16–18.

Again, "a party seeking the benefit of section 1292(a)(1) **must** establish that the contested order imposes '**serious, perhaps irreparable, consequence[s]**' and that it may be challenged effectively **only** by immediate appeal." *Morales Feliciano v. Rullan*, 303 F.3d 1, 6–7 (1st Cir. 2002) (emphasis added).

However, the Order's rejection of a "**mere defense to liability**" asserted by the Appellants does not render the Order immediately appealable. *Swint v Chambers Cnty. Com'n*, 514 U.S. 35, 43 (1995) ("An erroneous ruling on liability may be reviewed effectively on appeal from final judgment."). If the inverse were true, the final judgment rule "**would fade out whenever the Government or an official lost**

**an early round that could have stopped the fight**." *Will v. Hallock*, 546 U.S. 345, 354 (2006) (emphasis added).

Certainly, the Appellees are not "immune" from suit for Takings violations in the District Court brought through § 1983, nor do they attempt to argue as much. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978); *Knick*, 588 U.S. at 206.

Moreover, the Appellants did not seek any immediate or interlocutory relief in the District Court. Instead, the Appellants froze the District Court action for months by choosing not to respond to the First Amended Complaint while they attempted to cleanse themselves from liability in the Superior Court. "Under the circumstances, . . . [the Appellants] are hard pressed to demonstrate that the instant order has any immediate consequences of a serious nature, or that they will suffer 'irreparable harm' pending final disposition of the case in the district court." *Plymouth County Nuclear Information Committee v. Boston Edison Co.*, 655 F.2d 15, 17–19 (1st Cir. 1981).

The consequences of the Order for the Appellants implicate no serious right of the Appellants that Congress would deem worthy of an immediate appeal. *Cf. Patsy v. Board of Regents of State of Fla.*, 457 U.S. 497, 504 (1982) (explaining that "Congress intended § 1 to 'throw open the doors of the United States courts'" through § 1983 and "provide these individuals immediate access to the federal courts

notwithstanding any provision of state law to the contrary"); *Knick*, 588 U.S. at 185 (quoting *Patsy*, 457 U.S. at 501). The Appellants may renew their attempt to strip the Appellees of their constitutional rights upon appeal of the final judgment. *Morales Felician*, 303 F.3d at 6–7.

**V.     The Appellants are not the State of Rhode Island.**

While the Appellants raise a plethora of concerns about "sovereignty," the Appellants are a municipality and its local officials—not the State of Rhode Island. The Appellants lack standing to raise these "sovereign" concerns. *Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000) ("But '[t]he Art. III judicial power exists only to redress or otherwise to protect against injury *to the complaining party*.'"). Congress has subjected the Appellants to suit in the District Court through § 1983. *Monell*, 436 U.S. at 690. And no precedent suggests that alleged impacts on a sovereign that is not a party to the action has any bearing on § 1292(a)(1).

**<u>CONCLUSION</u>**

For all the same reasons, the Appellants' request that the Court treat their Notice of Appeal as a "petition for writ of mandamus" must be rejected. The Appellants are not at risk of any irreparable harm absent an immediate appeal. The Appeal must be dismissed for lack of appellate jurisdiction.

*Respectfully submitted*,

**SOSCIA HOLDINGS, LLC;
STRUCTURES AT JOHNSON'S POND, LLC;
BOATING AT JOHNSON'S POND, LLC;
WATERFRONT AT JOHNSON'S POND, LLC;
COMMON AREA AT JOHNSON'S POND,
LLC; and LAND AT JOHNSON'S POND, LLC**

*By their attorneys,*

/s/ *Michael A. Kelly*_____
Michael A. Kelly, Esq. (#24155)
Scott D. Levesque, Esq. (#83557)
Gregory S. Estabrooks, Esq. (R.I. Bar #10713, *admission to First Circuit pending*)
**KSPR LAW, P.C.**
128 Dorrance Street, Suite 300
Providence, RI 02903
Tel. (401) 490-7334
mkelly@ksprlaw.com

13

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(C) of 2,600 words, because, excluding the parts of the document exempted by the Fed. R. App. P. 32(f), this document contains 2596 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

*/s/ Michael A. Kelly, Esq.*
Michael A. Kelly, Esq. (#24155)
**KSPR Law, P.C.**

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that pursuant to Fed. R. App. P. 25, on April 6, 2026, a copy of the foregoing *Reply* was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. The document is available for viewing and downloading from the ECF system.

John Tarantino, Esq., Nicole Benjamin, Esq. and Lucas Spremulli, Esq.
Adler Pollock & Sheehan, P.C.
100 Westminster Street, 16th Floor
Providence, RI 02903
jtarantino@apslaw.com
nbenjamin@apslaw.com
lspremulli@apslaw.com

J. Richard Ratcliffe, Esq.
Ratcliffe Harten Galamaga, LLP
40 Westminster Street, 7th Floor
Providence, RI 02903
rratcliffe@rhgllp.com

Michael T. Eskey, Esq. & Jennifer Sylvia, Esq.
Moses Ryan, Ltd.
40 Westminster Street, 9th Floor
Providence, RI 02903
teskey@marlawri.com
jsylvia@marlawri.com

Marc DeSisto, Esq. & Kathleen Daniels, Esq.
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
marc@desistolaw.com
kathleen@desistolaw.com

*/s/ Michael A. Kelly, Esq.*
Michael A. Kelly, Esq. (#24155)
**KSPR LAW, P.C.**